**Ying CHEN, aka Noriko Fujita, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–72313.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2005.

Decided May 31, 2005.

Alphan K. Tsoi, Esq., Angela Y. Suh, Monterey Park, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., John J. Andre, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Before: BROWNING, FISHER, and BYBEE, Circuit Judges.

MEMORANDUM **

Ying Chen petitions for review of the Board of Immigration Appeals' ("BIA") denial of her claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), as well as the BIA's denial of her motion to remand. We review a decision by the BIA that an applicant has not established eligibility for asylum, or that she is not eligible for relief under the CAT, for substantial evidence. *See Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998).[1] We review adverse credibility determinations for substantial evidence. *Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003). Under the substantial evidence standard of review, we must consider whether "the evidence presented *compels* a reasonable factfinder to reach a contrary result." *Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996) (emphasis added). Chen argues that the BIA's denial of her claims was based on an adverse credibility determination that was not supported by substantial evidence.

■ Although many of the purported "inconsistencies" noted by the Immigration Judge ("IJ") were not supported by substantial evidence, *see Zheng v. Ashcroft*, 397 F.3d 1139, 1143–45 (9th Cir. 2005), the inconsistency between Chen's application for asylum and her testimony regarding her employment while in Guangxi goes to the heart of her claim of persecution. "So long as one of the identified grounds is supported by substantial

evidence and goes to the heart of [the] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003). Therefore, the IJ's adverse credibility determination, and the BIA's subsequent affirmance thereof, was supported by substantial evidence.

■ Because Chen failed to raise her due process claim before the BIA, we have no jurisdiction to decide that issue. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir.2004) ("[f]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter") (quoting *Vargas v. United States Dept. of Imm. & Nat.*, 831 F.2d 906, 907–908 (9th Cir.1987)). We also hold that the BIA did not abuse its discretion when it denied Chen's motion to remand.

Our denial of relief in this petition is without prejudice to any other remedies available to Chen.

**PETITION DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The burden of proof is higher for a claim of withholding of removal than for a claim of asylum and lack of eligibility for the latter precludes eligibility for the former. *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir. 1999).